### State of Connecticut *v.* Carl Nesmith (9026)

Spallone, O'Connell and Cretella, Js.

Argued December 5, 1990—decision released February 26, 1991

*James N. Crane,* special public defender, with whom, on the brief, was *Suzanne Zitser,* assistant public defender, for the appellant (defendant).

*Richard F. Jacobson,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *John Smriga,* assistant state's attorney, for the appellee (state).

CRETELLA, J. The defendant appeals from a judgment of conviction, rendered after a jury trial, of possession of narcotics in violation of General Statutes § 21a-279 (a).[1] On appeal, the defendant raises only one issue, namely, whether the trial court improperly refused to instruct the jury as to the doctrine of nonexclusive possession of drugs. We affirm the judgment of the trial court.

The jury could reasonably have found the following facts. On May 5, 1989, two experienced narcotics officers of the Bridgeport police department, together with two officers in training, went to apartment 104 in building thirty-one of Father Panik Village. This apartment was known to the police as a shooting gallery and drug trafficking area. The officers knew that apartment 104 had been documented by the Bridgeport housing authority to be vacant, and that drugs were bought, sold and used there. Officer Joseph Sherbo, who directed this investigation, had previously arrested people in this vacant apartment for drug violations. Sherbo's partner, Officer Adam Radzimirski, described the area as "a haven for drug traffic."

The apartment was abandoned and had no locks on the doors. The officers walked up three or four steps and were able to enter the open door of apartment 104. Once inside, they observed between six and eleven persons in the front room, several used and empty glassine bags, vials and other common drug vessels on the floor, as well as shoestrings that are commonly applied as turniquets by drug users, cookers that are used for boiling powdered drugs into a liquid form, and lit candles. There was no indication that anyone was living

---

[1] The defendant was acquitted of the charge of possession with intent to sell a narcotic substance in violation of General Statutes § 21a-278 (b), and convicted under the lesser included offense of possession of narcotics.

in this apartment, i.e., the apartment contained only a sofa and a few other items that were used to sit on, and no clothing or other signs of habitation.

As Sherbo entered the apartment, he observed the defendant standing alone in the interior apartment hall, heading for a rear bedroom. Sherbo pursued the defendant into the back bedroom. The defendant was the sole occupant of this empty room. When he turned and noticed that Sherbo had followed him, the defendant, who was holding cash in his hand, dropped something to the floor. Without leaving the room himself, Sherbo ordered the defendant into the front room, where the remaining officers were holding the other occupants of the apartment. The defendant followed Sherbo's orders. Sherbo then investigated the spot where he had seen the defendant drop something, and found fifty-six glassine envelopes and ten plastic vials, all containing a white powdery substance that field-tested as a narcotic. At this point, the defendant was arrested. Later testing proved that some of the envelopes contained heroin and the vials contained cocaine.

The defendant submitted a written request to charge the jury on the doctrine of nonexclusive possession of premises where drugs are found. The trial court refused to give this instruction. In order to support the defendant's contention that the charge should have been given, it must be established that the charge correctly states the law, is supported by the evidence and is relevant to the issues. *State* v. *Casey,* 201 Conn. 174, 178, 513 A.2d 1183 (1986); *State* v. *Cato,* 21 Conn. App. 403, 410, 574 A.2d 240, cert. denied, 215 Conn. 819, 576 A.2d 547 (1990).

To establish possession of a narcotic substance, the prosecution must establish only that the defendant knew the character of the substance, knew of its presence, and exercised dominion and control over it. *State*

v. *Somerville*, 214 Conn. 378, 390, 572 A.2d 944 (1990); *State* v. *Reddick*, 207 Conn. 323, 328, 541 A.2d 1209 (1988); *State* v. *Brunori*, 22 Conn. App. 431, 435–36, 578 A.2d 139, cert. denied, 216 Conn. 814, 580 A.2d 61 (1990).

It is true that in situations where an offender is not in exclusive possession of the premises where narcotics are found, it may not be inferred that he knew of the presence of the narcotics, or that he had control over them, without other incriminating statements or circumstances to support such an inference. *Evans* v. *United States*, 257 F.2d 121, 128 (9th Cir.), cert. denied, 358 U.S. 866, 79 S. Ct. 98, 3 L. Ed. 2d 99 (1958); *State* v. *Alfonso*, 195 Conn. 624, 633, 490 A.2d 75 (1985). The doctrine of nonexclusive possession as set forth in *Evans* has been applied in Connecticut in situations where motor vehicles or apartments contain several occupants. See *State* v. *Somerville*, supra; *State* v. *Delossantos*, 211 Conn. 258, 277, 559 A.2d 164, cert. denied, 493 U.S. 866, 110 S. Ct. 188, 107 L. Ed. 2d 142 (1989). The common factor in cases that have applied the principle enunciated in *Evans*, however, is the fact that the narcotic substances were accessible to others and were found in areas that were also occupied by others. The distinction that sets the present case apart is that here we lack nonexclusiveness.

In short, where there exists access by two or more people to the drugs in question, there must be something more than the mere fact that narcotics were found to support the inference that the drugs were in the possession or control of the defendant. In this case, the evidence produced at the trial indicated that the defendant was charged only for possession of the narcotics that were found in the back bedroom, and that he was the only person who occupied that room. There was no evidence adduced at trial to show that any other

person was present in the back room. Thus, this was not a situation of nonexclusivity that would have called for the *Evans* charge.

The defendant argues that his testimony contradicted that of the officers. He testified that he was never in the back room of the vacant apartment, but was brought into the apartment from the outside hall by one of the officers, and ordered to sit on the floor of the front room in a circle with eleven other detainees. He further stated that while sitting in the circle the man next to him dropped three or four glassine bags on the floor.

The mere fact that a conflict existed between the testimony of the police officers and the defendant does not permit us to assess the credibility of the state's witnesses or to refind those facts that were determined by the jury. In this case, the defendant's argument that his version of the facts warranted the requested jury charge fails for two reasons. First, he was not charged with the possession of narcotics found in the front room. Second, the court did charge the jury that "the state must prove beyond a reasonable doubt that the defendant exercised dominion and control over the cocaine and/or heroin, had knowledge of its presence, and had knowledge of its character." In this way, the court covered every essential element of the crime of possession as required by *State* v. *Somerville,* supra. Had the jury found the defendant's testimony to be more credible than that of the police officers, following the directive of the charge given, it could not have found the defendant guilty of the crime of possession.

In light of the evidence that was presented, we conclude that it was proper for the trial court to refuse to give the requested charge. This court cannot retry the case or substitute its judgment for that of the trier

of fact. *State* v. *Almeda,* 211 Conn. 441, 450, 560 A.2d 389 (1989); *State* v. *Reddick,* supra.

We conclude that the instructions as given were accurate and consistent with the evidence, and that the trial court was correct in refusing to give the requested charge.

The judgment is affirmed.

In this opinion the other judges concurred.